

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 26, 1958

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-402

Re: The authority of the
Comptroller of Public
Accounts to issue a war-
rant in payment of a claim
of the Health Department
in favor of the Game and
Fish Commission under the
terms of an inter-agency

Dear Mr. Calvert: contract.

You have requested from this office an official
opinion concerning the validity of an inter-agency contract
between the Texas State Department of Health and the Game and
Fish Commission.

The pertinent parts of that contract read as
follows:

"WHEREAS, the Texas State Department of Health
and the Game and Fish Commission have jointly con-
sidered and determined that a contract or agreement
be entered into between these two State agencies for
the purpose of providing special training and study
for one of the aquatic biologists in certain water
pollution control laboratory procedure. Such course
of study is available at the Robert A. Taft Sanitary
Engineering Center, Cincinnati, Ohio, and the Game
and Fish Commission has agreed to send Mr. R. W.
Spears to attend the course on Aquatic Biology in
Water Pollution (12R), October 7th to 11th, 1957,
provided the necessary travel expense is paid for by
the Texas State Department of Health not to exceed
Three Hundred Dollars ($300.00)."

You presented the following questions:

(1) Is the contract between the Game and Fish Commission and the Health Department valid?

(2) Is there statutory authority for the withdrawal of funds appropriated to the Health Department?

(3) Must there be in existance an inter-agency contract between the Health Department and the Game and Fish Commission before employees of the Game and Fish Commission can expend money appropriated to the Game and Fish Commission for the purpose of assisting the Health Department in the discharge of their duties?

In order to answer the questions propounded by you, it is necessary that the fact situation which brought about the inter-agency contract in question be briefly presented.

The Water Pollution Control Division of the Texas State Department of Health was created in 1956, and since that date water pollution control formerly administered by the Division of Sanitary Engineering has been handled by the Water Pollution Control Division. The Health Department did not have the trained personnel to supervise water pollution, therefore, an inter-agency contract was entered into by the Health Department and the Game and Fish Commission. The Game and Fish Commission had trained men out on the ground, and they had a working knowledge of water pollution and with a little special training they could fill the need demanded by the Water Pollution Control Division of the Texas State Department of Health.

The Inter-Agency Contract, as set out above, provided that the Health Department would reimburse the Game and Fish Commission for the expenses incurred in sending their employees to a special school on Aquatic Biology in Water Pollution. This contract was approved by the various Departments and the Board of Control.

The first question you presented must be answered in the affirmative. The contract in question falls clearly

within the provisions of Section 3 of the Inter-Agency Cooperation Act, Article 4413 (32), Vernon's Civil Statutes, which provides in part as follows:

"Any State agency may enter into and perform a written agreement or contract with other agencies of the State <u>for furnishing necessary and authorized special or technical services, including the services of employees, the services of materials, or the services of equipment. . . .</u> " (Emphasis ours)

You stated in your request that you questioned the transfer of funds without services being rendered. Although services have not been rendered at this time, they will be rendered in the future. Such a contract providing for services to be rendered in the future is a valid contract and should be honored.

In reply to your second question, that also must be answered in the affirmative. The statutory authority is found in the Inter-Agency Cooperation Act, Article 4413 (32), Vernon's Civil Statutes. In a sense, the employees of the Game and Fish Commission are being trained and educated at the expense of the Health Department. However, the Health Department could employ and train new men without any question of authority being raised. Therefore, there is no sound or legal reasoning why the Health Department should be prevented from entering into the types of contract now in question.

The third question must likewise be answered in the affirmative. Unless there is an inter-agency contract or other statutory authority, funds from one State agency cannot be transferred to another State agency.

## SUMMARY

An inter-agency contract between two State agencies for the purpose of helping to defray expenses incurred in connection with the education of an employee is a valid contract provided that the employee will render technical service to the agency defraying the educational expense. However, before

Honorable Robert S. Calvert, Page 4 (WW-402).

> such a transfer of funds can be made,
> there must be an existing inter-agency
> contract.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Linward Shivers
Assistant

LS:wam:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Wallace Finfrock

Morgan Nesbitt

Richard B. Stone

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    W. V. Geppert